UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIBERTO REVELO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No. 1:26-cv-02771-DAD-JDP<br><br><br>ORDER RELATING AND REASSIGNING CASES AND SETTING BRIEFING SCHEDULE FOR MOTION FOR TEMPORARY RESTRAINING ORDER |
| ERIBERTO REVELO GRIMALDO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No. 1:26-cv-03878-DJC-JDP<br><br>**New Case No. 1:26-cv-03878-DAD-JDP** |

An examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a). Accordingly, assignment of the above-captioned actions to the same district judge and magistrate judge will promote substantial efficiency and economy for the court and is likely to be convenient for the parties.

An order relating cases under this court's Local Rule 123 merely assigns them to the same district judge and magistrate judge—it does not consolidate the cases. The local rules of this district authorize the judge with the lowest numbered case to order the reassignment of any higher numbered cases to himself or herself, upon determining that this assignment is likely to effect a

1

savings of judicial effort.  L.R. 123(c).  Such good cause appearing here, the court orders that Case No. 1:26-cv-03878-DJC-JDP shall be reassigned to the undersigned and Magistrate Judge Jeremy D. Peterson.  The caption on documents filed in the reassigned case shall be shown as: 1:26-cv-03878-DAD-JDP.  It is further ordered that the Clerk of the Court make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Moreover, in light of the pending motion for temporary restraining order in the more recently filed case, the court finds it appropriate to issue a briefing schedule with respect to the court's consideration of that motion.  *See* 1:26-cv-03878-DJC-JDP, Doc. No. 2.  Pending the issuance of the court's order resolving the pending motion for temporary restraining order, and unless and until the court orders otherwise, the court ORDERS that respondent shall not take any action to remove petitioner from the United States or to move petitioner out of the Eastern District of California.  *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (acknowledging the court's express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction).  Given the exigent circumstances present, the court finds that this order is warranted to maintain the status quo pending its forthcoming order resolving petitioner's pending motion for temporary restraining order.  Further, the court has conducted a preliminary review of the pending motion and petition for writ of habeas corpus and observes that this case may involve core issues that the undersigned has previously addressed in this context.  Accordingly, the parties are advised that if the court concludes that petitioner is entitled to the relief that is requested in the pending motion, then the court will also rule on the merits of the underlying petition.  See Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); *Dzhabrailov v. Decker*, No. 20-cv-03118-PMH, 2020 WL 2731966 (S.D.N.Y. May 26, 2020) (considering the merits of the habeas petition and motion for preliminary injunction simultaneously).

Counsel for respondent shall promptly enter Notices of Appearance.  Respondent shall file a written opposition to the pending motion for temporary restraining order by **5:00 PM on Friday, May 22, 2026**.  In that opposition, respondents shall substantively address whether any

provision of law or fact in this case would distinguish it from this court's decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025); *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025); *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC (E.D. Cal. Dec. 9, 2025); *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778 (E.D. Cal. Aug. 20, 2025); *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026); *Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026); *J.P.C. v. Chestnut*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable.  The court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable.  If respondent opposes this court ruling on the underlying petition, then respondent is DIRECTED to indicate so and provide substantive reasons in support thereof in its opposition.

IT IS SO ORDERED.

Dated:   **May 21, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3