UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIBERTO REVELO GRIMALDO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  1:26-cv-03878-DAD-JDP (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On May 20, 2026, petitioner Eriberto Revelo Grimaldo, A-File No. 099-920-933, proceeding *pro se*, filed a petition for writ of *habeas corpus* challenging his detention by Immigration and Customs Enforcement ("ICE") and a motion for temporary restraining order seeking his immediate release from custody.  (Doc. Nos. 1, 2.)  On May 21, 2026, the court issued an order which related and re-assigned this matter to the undersigned and set a briefing schedule on the pending motion for temporary restraining order.[1]  (Doc. No. 6.)  In that order, the court directed respondent to indicate whether this case is substantively distinguishable from the

---

[1]  This matter was re-assigned because petitioner had a separate petition for writ of *habeas corpus* pending before the undersigned, but petitioner ultimately filed a notice of voluntary dismissal in that action.  *See* 1:26-cv-02771-DAD-JDP, Doc. Nos. 1, 9.  On May 19, 2026, that action was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  1:26-cv-02771-DAD-JDP, Doc. No. 12.

1

circumstances addressed in several cited prior orders of the undersigned.  (*Id.* at 2–3.)  The court also notified the parties that if it concluded that petitioner was entitled to the relief sought in the motion, then it would rule directly on the merits of the underlying petition unless respondent indicated that respondent opposed the court taking such action.  (*Id.* at 2–3.)

On May 21, 2026, respondent filed an opposition to the pending motion for temporary restraining order.  (Doc. No. 9.)  Respondent concedes therein that "[r]espondent doesn't identify material differences between this case, *Quichimbo-Jimenez v. Warden*, California City Correctional Center, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), and this Court's other orders addressing similar circumstances."  (*Id.* at 1.)  Nonetheless, respondent argues that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) (*Id.* at 1–3), an argument that the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *1–3 (E.D. Cal. Feb. 12, 2026).  Respondent has also indicated that respondent does not oppose the court ruling directly on the merits of the underlying petition based upon the briefing currently before it.  (*Id.* at 1.)

Petitioner entered the United States in or around December 1995 and has continuously resided in this country for nearly 30 years.  (Doc. No. 1 at ¶ 1.)  On or about November 12, 2025, petitioner was arrested by local law enforcement in Florida for littering on private property.  (*Id.* at ¶ 3.)  After his arrest for littering, he was transferred to ICE custody.  (*Id.*)

The court adopts the reasoning set forth in its prior order *Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026) and concludes that petitioner can only be lawfully detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b) because he was already present in the United States when ICE detained him.  Further, because respondent has incorrectly detained petitioner pursuant to § 1225(b) and has identified no other authority for his detention, the appropriate remedy is to order petitioner's immediate release.  *See J.P.C. v. Chestnut*, No. 1:26-cv-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026); *Valencia Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026).

2

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Eriberto Revelo Grimaldo, A-File No. 099-920-933, from respondent's custody;

    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his petition for writ of *habeas corpus* on the merits;

3. The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 27, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3